# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2020

Lyle W. Cayce
Clerk

No. 20-10090
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EMILIO MARQUEZ GOMEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-372-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.
PER CURIAM:*

Emilio Marquez Gomez pleaded guilty to one count under 8 U.S.C. § 1326(a) & (b)(2) of illegal reentry after removal from the United States and was sentenced at the high-end of the advisory Sentencing Guidelines sentencing range to 125-months' imprisonment. In claiming the district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

court relied on information in the presentence investigation report (PSR) during sentencing that did not possess sufficient indicia of reliability, Marquez challenges the court's reliance on the PSR's stating he "is a suspected member of the 'Mexican Mafia' and goes by the gang name, 'Chico'"; and maintains this claimed procedural error was not harmless.

Only this claimed procedural error is at issue:  Marquez contends the district court improperly based its sentence on erroneous facts.  Although, post-*Booker*, the Guidelines are advisory only, the district court must, *inter alia*, avoid significant procedural error, such as selecting a sentence based on clearly-erroneous facts.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"A finding of fact is clearly erroneous only if, after reviewing all the evidence, [the reviewing court is] left with the definite and firm conviction that a mistake has been committed."  *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (internal citations and quotations omitted).  In its finding of facts, the district court may, *inter alia*, rely on facts contained in the PSR provided "those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is materially unreliable".  *United States v. Hearns*, 845 F.3d 641, 650 (5th Cir. 2017) (internal quotation and citations omitted); Guideline § 6A1.3(a).

As noted, the PSR stated Marquez "is a suspected member of the 'Mexican Mafia'" based on records from the Texas Department of Criminal Justice (TDCJ).  Marquez, in objecting to the PSR's inclusion of this fact, claimed this information was conclusory and based on flawed law-enforcement record-keeping because a prior PSR from his 2011 arrest did not

No. 20-10090

mention his gang membership or affiliation.  Marquez, however, failed to show the PSR's information was unreliable.  *See Hearns*, 845 F.3d at 650. There was no clear error.

AFFIRMED.